In the Matter of the Claim of William C. Bradstreet, Respondent. Lee Higginson Corporation, Appellant; Martin P. Catherwood, as Industrial Commissioner, Respondent.

Third Department, May 6, 1966.

*Sullivan & Cromwell* (*Cornelius B. Prior, Jr.,* of counsel), for appellant.

*Myron George Lasser* for William C. Bradstreet, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Industrial Commissioner, respondent.

Herlihy, J. The claimant, in the jargon of the financial world, was a " Senior Security Analyst " employed as a specialist in the " oil and natural gas industry ". In the course of such business he recommended to his employer an investment in certain Louisiana leaseholds and upon its refusal, sought and obtained permission to further the enterprise as a private transaction and which eventually resulted in the sale of three separate leasehold interests to fellow employees and their associates. A mis-

understanding developed which culminated in claimant's separation from working for his employer.

At the hearing, the vice-president of the employer (claimant's immediate superior) testified as one of the participants in the venture that all of the parties, including claimant, were supposed to invest financially, but that the claimant, as a result of the price charged per acre to the other purchasers, was able to pay the purchase price and retain a percentage of the whole for himself — registered in mother's name — without any actual financial investment. He further testified that upon ascertaining such fact and after counselling with the president and other executives of the employer he made demand on the claimant to reassign or reapportion the leasehold so that the actual cash investors would, in effect, receive claimant's share and that upon such performance claimant would be allowed to resign from the firm without unfavorable publicity or embarrassment. It should be further noted that two of the ventures have apparently proved profitable but the third was described as a " dry hole " and a lawsuit has been instituted by the participating investors against the claimant as to this unprofitable investment.

The claimant had quite a contrary version of the transaction. Succinctly stated, it was that he offered the original " deal " to his employer; upon its refusal and with its acquiescence, the vice-president thereof and others purchased interests from the claimant as the entrepreneur at a specified per acre price in each of the three leasehold ventures; that he did not suggest he was going to participate financially or otherwise to the same extent as the others; that the interests in the leasehold were readily salable and that as an expert in this particular field there was nothing unethical about his actions in this particular transaction. Subsequently he was informed by officers of the employer that " unless I resigned [sic] (reassigned) these interests to the other people, which I refused to do " he was threatened with being fired " but in asking for the reason for my dismissal they refused to tell me ". He further stated that in prior employment he adopted this method of procedure and that he had never, including the present instance, had any complaints filed with governing boards against him, and at the time he testified he was employed in a like capacity with a similar employer after making a full disclosure of the transactions leading to this unemployment insurance claim.

Without further complicating the issue of the understanding or misunderstanding of the various participants, the board found that the transaction as to the leasehold ventures was " a personal arrangement between claimant and those persons who had

elected to participate therein '' and that the credible evidence established that '' claimant did not voluntarily quit his employment nor did he enagage in a course of conduct designed to result in his discharge ''.

Subdivision 3 of section 593 of the Labor Law denies benefits to a claimant who loses his employment ''t hrough misconduct in connection with his employment ''.

The appellant relics heavily upon the fact that in this particular type of business mutual trust and confidence must be the standards. Be that as it may — we assume such standards apply to all business — the issue as to the reason for claimant leaving his employment, on this record, was factual, the determination of which, pursuant to the Unemployment Insurance Law (Labor Law, art. 18), was within the sole province of the board and not this court.

The decision should be affirmed.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision affirmed, with costs.